### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| MICHAEL DOUGLAS, | :   Civ. A. No. 09-2453(NLH)(AMD) |
| | : |
| | : |
|     Plaintiff, | : |
| | : |
|    v. | :   **MEMORANDUM OPINION** |
| | :   **& ORDER TO SHOW CAUSE** |
| ATLANTICARE REGIONAL | : |
| MEDICAL CENTER and | : |
| M. YASER MOURAD, M.D., | : |
| | : |
|     Defendants. | : |
| | : |

WHEREAS plaintiff having filed a complaint against defendants alleging medical malpractice[1]; and

Defendants having answered plaintiff's complaint denying liability; and

Plaintiff having recognized that in order to proceed with his claims, he is required to provide an affidavit of merit pursuant to New Jersey's Affidavit of Merit statute[2]; and

---

[1]This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

[2]The affidavit of merit requirement applies to malpractice claims under New Jersey law in federal court. See Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000). New Jersey's Affidavit of Merit statute provides,

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide

Plaintiff having requested leave of Court for additional time to obtain and serve his affidavit of merit; and

The Court having granted that request; but

Plaintiff having subsequently informed the Court that he was not going to obtain an affidavit of merit; and

Plaintiff having further requested that his case be marked "dismissed" pursuant to Fed. R. Civ. P. 41(a)(1); and

On November 24, 2009, the Court having entered an Order of Dismissal, which described the case as "settled," dismissed the action without prejudice, and retained jurisdiction for 60 days to enforce the terms of the settlement; but

Defendants having contacted the Court to point out that (1) the case was not settled, (2) plaintiff cannot avail himself of Rule 41(a)(1), and (3) plaintiff's failure to provide an affidavit of merit would result in a dismissal with prejudice; and

---

each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

Defendants further requesting that plaintiff's case should be dismissed with prejudice, or it should be reopened to allow them to file motions to dismiss plaintiff's case for failure to provide an affidavit of merit, which would result in a dismissal with prejudice; and

The Court noting that Fed. R. Civ. P. 41 governs the dismissal of actions, and that a voluntary dismissal, or one pursuant to court order, under this Rule is considered a dismissal without prejudice; and

The Court further noting that Rule 41 allows a plaintiff to voluntarily withdraw his complaint at any time prior to the filing of an answer or a motion for summary judgment; but

The Court recognizing that because defendants had filed their answers to plaintiff's complaint, voluntary dismissal pursuant to Rule 41 was not available to plaintiff when he requested it; and

The Court further recognizing that a failure to provide an affidavit of merit within the time required by the statute results in the dismissal of plaintiff's case with prejudice, see Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000) (stating that failure to comply with these requirements is deemed a failure to state a claim); Cornblatt v. Barow, 708 A.2d 401, 412 (N.J. 1998) (holding that dismissal based on plaintiff's failure to submit an affidavit of merit would be with prejudice

absent extraordinary circumstances)[3];

Accordingly,

IT IS HEREBY on this 18th day of December, 2009

ORDERED that the Court's November 24, 2009 Order [20] is VACATED, and the Clerk of the Court shall mark this matter as OPEN; and it is further

ORDERED that plaintiff shall, within 10 days of the date of this Order, show cause why his complaint should not be dismissed with prejudice for his failure to provide an affidavit of merit; and it is further

ORDERED that if plaintiff fails to file a response within 10 days, his case will be dismissed with prejudice; and it is further

ORDERED that if plaintiff does respond, defendants shall have 20 days from the date of this Order to reply to plaintiff's submission.

                                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[3]Defendants represent that prior to plaintiff's letter to the Court, they informed plaintiff of these issues and provided a stipulation of dismissal with prejudice for his signature. Defendants represent that plaintiff never signed the document.